Your Honor, this is the first case of the afternoon, call 214-0277, People of the State of Illinois v. Robert Theodore. On behalf of the Avalanche, Mr. Terry Echol. On behalf of the people, Mr. Ranney, the Senator. Good afternoon, Counsel. Mr. Echol. Good afternoon, Your Honor. I'm Dr. Terry Echol. I'm here to argue in the request for amendment. We're ready right now. Thank you. Good afternoon, Judge Zinoff, Judge Jorgensen, Justice Burkett. Thank you for giving us the opportunity to argue this afternoon. I'm here to make brief argument and then answer any questions you might have. Effective June 22nd of 2012, the legislature amended 730 ILCA CS section 5-4.5-100, paren B, closed paren, calculation of term of imprisonment. Prior to that date, trial courts had discretion regarding whether a defendant was going to receive time credit for time spent on home detention against his sentence of incarceration. After that statute was amended, the trial court had no longer had such discretion. The amended statute, which was in effect in connection with this case, summary states the trial court shall mandatorily give credit to the defendant for time spent in home detention. But now, was this defendant in home detention? He was actually out on bond and on home supervision, isn't that correct? That is correct, Your Honor. And how do we know those are the same thing? Your Honor, I prepared... Aren't they two different terms? They are not. A person who is out on bond as a condition of his bond is on home detention qualifies under this statute just as a person who is not out on bond. It makes no difference whatsoever. Mr. Echol, the Smith case that the state has asked us to consider appears to be on all fours against your position. How do you distinguish Smith? Judge, the holding in Smith was that an individual on electronic home monitoring while out on bond, an appellate bond, does not equate to custody. And I'll tell you flat out, both the defendant in that case and the third district missed the boat. That's what I'm saying, distinguishing. They absolutely missed the boat because they argued in that case that the defendant was, whether he was or was not in custody. That is not our argument. The defendant in this case was confined as a result of the condition of his bond, that he be confined to home monitoring or home detention as a condition of his bond. When your client wanted to change the conditions to include release for work, did he go to the sheriff or probation officer or did he have to go to the court? Went to the court. Court made that amendment. Court then was not a supervising authority, was it? Well, you know, I think that's an interesting argument or interesting issue, Your Honor. In this case, you have a trial judge who says as a condition of your bond, you may be on home detention under electronic home detention, monitored by the probation department. The statute, as we all know, says there has to be a supervising authority. In this case, that supervising authority could be the court through the probation department. It could just be the probation department, but either one would qualify. What I think is a reasonable reading of this statute, particularly like the facts of the case is that a judge decided that the defendant would be on home detention and had the probation department monitor that. That clearly qualifies as an appropriate supervising authority. Could the probation officer have taken your client into custody if he had violated the terms? No.  Correct. Reported to the state's attorney, which is what the Pretrial Services Act says that supervising, probation officers supervising compliance with pretrial release conditions are to promptly report violations to the court and prosecutor to ensure effective enforcement. Right. And the points that the Smith case noted from Beecham are the differences between being released on bail, as your client was, and home detention, where you can be charged with escape, you can be taken into immediate custody, there are not the due process requirements of notice and opportunity to be heard. So why aren't those distinctions important in this case that the Supreme Court made in Beecham? Judge, first of all, in Beecham, that case interpreted the old statute where the defendant had to be in custody to receive credit under electronic home monitoring. That statute has been changed. Beecham is bad old law. Under Beecham and under the old statute, and we all know that when the legislature amends a statute, we are to assume that they had a purpose in it. In this particular case, the legislature went from may, if it finds the defendant was in custody, to shall. So custody is no longer the issue. The issue is confinement. Custody and confinement are not synonymous. In Smith, the defendant argued incorrectly that he was in custody. He wasn't in custody. He was confined under home monitoring, but he was not in custody. And the change in the statute provides that an individual need not be in custody to receive credit for time on home detention. That's the issue in the case, and I think it's clear from that statute, which was amended. We all know you can't, when the statute's amended, you can't assume the legislature didn't intend to make a change. They clearly did. And the change was it's no longer going to be discretionary on a trial court to try to figure out when the defendant is on home detention, whether that particular trial court considers that to be custodial or not. It's confinement. His liberty has been restricted to some degree. He gets credit. It's that simple. So it's restriction of any kind? Restriction of any kind. I'm sorry, confinement of any kind, restricting his movements of any type? Well, I'm not sure it goes anything beyond the statute, but it says that when you have electronic home monitoring where you're confined to the home. But the client wasn't confined to his home. He was allowed to go to work. That's correct. I don't think it makes a difference. So how much confinement is confinement? I think in any time you are confined to your home with other ability to leave, that is sufficient confinement to get credit under the statute. I think it gets back to the nondiscretionary provisions. Home detention with the ability to leave to go to your lawyer's office, the ability to go to court, the ability to go to work still constitutes confinement. The bail statute doesn't talk about home detention. It says home supervision. You don't use that term in your briefs, but that's what the term is. And the General Assembly was certainly aware that there are two methods of being placed on electronic monitoring, home supervision or home detention. Why wouldn't they use home supervision if they intended to include this category? I would respond back to the fact, if you are contending that if a defendant is released from custody because the sheriff decides he's too overcrowded and he's going to be released to home detention, that defendant receives credit, but a defendant who goes to court and has a condition of his bond is not permitted to do anything other than stay at home and perhaps go to work, that there is somehow an equitable distinction between the two. I don't agree with that. And I would also suggest that under 110-10, the defendant can be placed on electronic monitoring as a condition of his bond subject to Article 8A of Chapter 5 of the Uniform Code of Corrections, which is the Electronic Home Detention Act. So it's clearly contemplated by the legislature, Your Honor, that a defendant is going to be in the electronic home detention provision or program when he is released on bond, and it's a condition of the bond. To follow up on that point, what about subsection D of Section 588, which clearly seems to exclude people serving a sentence for aggravated criminal sexual abuse? Subsection D, it excludes people who are convicted of aggravated criminal sexual abuse. I believe that talks about the inability of the sheriff or the Department of Correction to release a person charged with those types of offenses, except, and it goes on to say under 5-8A-3 of the home detention law, a person charged with those types of offenses are excluded and may not be placed on electronic home detention except for bond pending trial. So if the court orders it, it trumps that provision. But the sheriff can't allow someone charged with aggravated criminal sexual assault to be released on home monitoring on his own, but the court can do it. And I think that supports my argument that both the bond statute as well as the home detention law support the argument that a person who is out on bond and is a condition of his bond, he has home detention, qualifies for the time credit. But there is another difference, and that is if there is a violation of the terms set for, let's say, release on bond, it's the court that there's a process which the defendant is due in order to be remanded to custody, whereas if he's on the sheriff's program, the sheriff can immediately remand him to the confines of the jail. So there is a difference. There's a difference in the process by which a violation is handled, but that doesn't distinguish who receives credit, time credit. I think the question is why doesn't it? I mean, that's a significant difference, so why should we ignore that difference? Because I would say in terms of making a decision as to whether a person is confined under the statute and gets time credit after the amended statute, it makes no difference as to what the process is by which a violation is handled. What difference does it make? I hate to use that expression. What difference does it make to the time credit the defendant is entitled to, whether the sheriff decides on his own that he's going to bring the person back into custody, or whether the court and the probation department, as the supervising authority, makes that decision? Why should there be a distinction between the two? And in this case, the court, and again, if I could just read off real quickly. Supervising authority, and that's what we're talking about here, is defined as the Department of Correction, probation, supervisory authority, sheriff, superintendent of a municipal house of correction, or any other officer or agency charged with authorizing and supervising home detention. Now, in this case, you have the circuit court of DuPage County. We have a trial judge. We have a trial judge who makes a decision that as a condition of bond, he essentially wants, or she essentially wants, home detention with conditions. And the probation department, as an arm of the court, is going to supervise that individual on electronic home monitoring. I think it's crazy to argue that that situation, which is precisely what happened here, does not qualify as a supervising authority, particularly under the provision, or any other officer, of which the judge would be an officer, or agency, which is the probation department, charged with authorizing, in this case, the authorization came from the court, supervising, which is happening through probation, home detention. Isn't that supervising and authorizing? It says an officer or agent charged with authorizing and supervising. So wouldn't the reasonable inference be that one entity has to do both? I don't think so, Judge. The court does not supervise. The court authorizes. But not supervise. That's right. Probation supervises, but does not authorize. And I think we all would agree that the probation department is an arm or an extension of the judiciary in DuPage County. And I don't see any restriction between the court authorizing and then having the probation department supervise the home detention. I don't see how that arguably does not fall within the definition of a supervising authority. It doesn't say it can only be one. It could be both the court and it can be the probation department working in unison. And in terms of a reasonable interpretation of that statute, if we're going to say the sheriff is a supervising authority, why in the world wouldn't it be reasonable to interpret that statute that the authorizing individual was the judge and the supervising agency was the probation department? Well, it brings us back to Justice Zeno's question. If the sheriff is the one who says, doesn't even go to court, just says we're overcrowded, I need to clear some space, and does it on its own, that's one entity both authorizing and supervising. Correct. Authorizing and supervising. So how is it that the court and probation do that? I mean, I see your argument. You're hanging your hat on the fact that probation, under your interpretation, is an arm of the court. Right. But I don't see where the statute says, in reasonable construction of the statute, to say that it can only be one person or it can only be one agency. In this case, why is it unreasonable to interpret, under the definition of supervising authority, the court and the probation department are authorizing and supervising the individual? Clearly, in terms of a reasonable construction of the statute and reasonable implementation of the statute, there's going to be more than adequate protections to all sides in terms of how this individual is authorized and supervised. You just don't want, under that statute, you don't want in the Smith case, you don't want a traffic school doing the supervising. And I thought that aspect of the Smith case was on money. I don't think a traffic school is an authorized supervising agency. But why in the world would the court, the judge, and the probation department implementing the supervision, why would that not be sufficient to satisfy the requirement that there be a supervising agency? Mr. Echol, the credit time and custody subsection would be credit time and custody, same charge. Just a point that the state raised, when the prescience report was given to you and your client, you reported to the court that you read it and had no corrections. Yet the PSI said custody, two days. That's exactly right. So your position is your client was not in custody, he was in home confinement. The PSI is correct. This is a real red herring. I agree with you. But your position is not that he was in custody, he was in home confinement. And under the home detention law, he's entitled to credit. And your responsibility is to your client, correct? Well, yes, my responsibility is my client. And yes, so it's crystal clear. He was in custody for two days. He was confined under electronic home monitoring for a number of other days. There is a distinction. And no matter how you cut it, after this statute was amended, the determination is no longer custody. Your Honor may recall, because I know you look at the statute closely, in connection with psychiatric treatment or substance abuse treatment, they didn't change the statute. There still needs to be a determination in the discretion of the court whether under those programs, those treatment programs, it was custodial or not. So the legislature changed it on one, didn't change it on the other. Well, you're almost out of time. One further point. The statute says to be given credit for time spent in home detention on the same sentencing terms as incarceration provided in 5883. The maximum you can get, you can be placed on home detention under that act, depending upon the nature of the offense, is 12 months. Two categories of offenses are 90 days, 90 days, 12 months, and then at the discretion of the department. Are you familiar with what I'm talking about? Are you talking about what the DOC, what the credit says on the same terms as? Right. Now, you're asking for 511 days credit. DOC can only give somebody home detention for a maximum of 12 months. Judge, to be honest with you, I'm a little confused by your argument because- That's not an argument. That's an observation. That's what the statute says. The maximum a person can be given is 12 months in home detention. If you're going to be given credit for time served for home detention on the same terms as 883, how can you argue your client's entitled to 511 days? I believe what you're referring to are apples and oranges. When you're in the DOC, you can be placed on electronic home monitoring under certain conditions. There is a maximum amount of time when you have a sentence that you are under that can be served under electronic home monitoring once you're in the DOC. And I think there's another offense that it's only 90 days. So under the DOC regulations, only a certain amount of time for certain offenses can be spent under electronic home monitoring once you are sentenced and once you are incarcerated and are going to be released back into society. I think that's the provision you're talking about. Any other questions? Thank you so much for the time this afternoon. Okay, thank you. You'll have time on rebuttal. Thank you. Thank you. Thank you. Good afternoon, counsel. Good afternoon. Counsel, should there be a distinction between the fact that someone is on, for example, the sheriff's program for electronic home monitoring or put on electronic home monitoring as a condition of bond in terms of whether or not that defendant gets credit? And does the process matter? This was what we talked about with Mr. Echol. Undoubtedly, there is a distinction, Your Honor. GPS monitoring as a condition of bond is not home detention under the electronic home detention law. When you're out on bond, you are not in custody. All right, but he's saying that the term, the operative term here is not custody. It's confinement. So how do you respond to that? The sentencing credit statute, which is the statute we're talking about, talks about custody, not confinement. He's asking, he's essentially asking this court to hold that the legislature abrogated Beecham, abrogated Ramos. He's asking this court to ignore Smith, ignore this court's own decision in Gonzales, which all involved a distinction between being out on bond when you're not in custody and then any other program. For example, electronic home detention program where you are in custody and you can get credit. And there's no basis for that in the statutory language. There's no, he hasn't cited any legislative history. So you disagree that the operative term we should be looking at is confinement? Yes, it's definitely not. You're saying they have to be in custody. And where is there a definition of custody? Custody is defined in Beecham and Ramos. So you're saying those cases are still relevant for that purpose? The distinction between being out on bond when you're not in custody. And as Justice Burkett pointed out, the penalty of due process rights you get when you're out on bond justify the distinction. That's the whole impetus behind Beecham and Ramos, that defendants who are out on bond have these due process rights and therefore they're not in custody. What about counsel's point that a person who's out on bond for an excluded offense can be placed in home detention under the Act? So the General Assembly, at least for those excluded offenders, allowed for home detention. Under the electronic home detention law. Yes. Clearly the bail statute cross-references 8A3. It's right in the provision. The device is provided for in that section. My first response to that, Your Honor, is the electronic home detention law is not applicable to this instance. There is absolutely no indication that this defendant was in home detention under the electronic home detention law. The trial court specifically found DuPage County doesn't have a pretrial electronic home detention program. And that's at page 20 of the reported proceedings. If I could just look it up real quick. I take you for, I've heard the record. Okay. I think the point that counsel's making, maybe not as clearly, is that his position is the same. De facto wise, he's in the same position. He's subject to the same conditions as a person in home confinement. I mean, maybe it's not though, Your Honor. I think you detailed the why. His argument is this is de facto home detention. And why isn't it? Because you get the due process rights of being out on bond. But, I mean, the fact of the matter is you are subject to confinement in both instances. Confinement is not custody. So why should the due process rights in terms of violating the confinement and how you get remanded matter? What is it relevant to? Whether or not the defendant is in custody. The defendant only gets time for when he's in custody. And to pick up on something you mentioned with the public counsel, Justice Burkett, on the PSI, it showed two days in custody. And then he argued unequivocally that his client was in custody at the sentencing hearing. And so he went through the whole hearing knowing that he had in his back pocket this memorandum of law that he believed shows that his defendant was in custody. So I think he did have the obligation to correct the PSI if that's what he actually thought. Well, even if he did and he did not do that, he could raise that at any time. Credit for time served can be aborted at any time. He can, Your Honor. But the real important part for this court is below he argued his client was in custody. That's the only thing he argued, that his client was in custody. And now it's a 180-degree change. Now he's arguing that he doesn't have to be in custody. That the legislature overruled Beecham, overruled Ramos. That Smith is wrong. That Gonzalez was wrong. And they don't have to be in custody to get credit. The purpose of the sentencing credit statute is to make defendants whole. Why on earth would we grant defendants time for time spent not in custody? Why would the legislature give a windfall to defendants on GPS monitoring as a condition of bond? That can't be explained. Do you agree with the question I posed to Mr. Echol? Under subsection D of 5883, a person convicted of aggravated criminal sexual abuse is not eligible for home detention? Yes, he's not eligible for home detention. Even if he was otherwise correct, subsection D excludes a person convicted of aggravated criminal sexual abuse? Your Honor, as Mr. Echol pointed out, that could be for post-sentence purposes. But you're talking about the sentencing credit statute. No, that's what you're talking about. It says as provided for in that section. So if it's as provided for and if you're not eligible under that section, how can you possibly get home credit? Right. Or credit for it. I have no reason to disagree with that, Your Honor. None whatsoever. Again, this defendant was not on home detention. You have to have a written agreement. The statute covers that. Gonzales specifically held that. There was no written agreement. This defendant was not in electronic home detention. As Justice Sienoff pointed out, he would not have been guilty of escape had he left his home unwarranted. He would have been guilty of violating his bond. He wasn't in the mind to be guilty of escape because he wouldn't have been guilty of escape. And regarding supervisory authority under electronic home detention law, setting aside our point that electronic home detention law isn't part of this appeal, the supervisory authority has to establish the conditions of the GPS monitoring. Supervisory authority is not the court. And the court is the one that established these conditions. They were conditions of bond. And as Justice Sjorka has pointed out, the trial court judge doesn't have the ability to monitor the defendant while he's out on GPS monitoring herself. That obviously has to be undertaken by someone with the equipment, in this case pretrial services. But that doesn't change the fact that the conditions of this defendant's GPS monitoring were imposed by the court, which is not a supervisory authority under the electronic home detention law. And the probation department was powerless to do anything in the event of a violation other than report it to the court in the state's term. Exactly. The point you made was extremely apt. When he wanted to go to work, he couldn't go to probation services and ask to go to work. He had to go to the court, a non-supervisory authority under electronic home detention law. And the court is the only one that could have granted that condition. It was a condition of bond. Defendants out on bond are not in custody. Defendants not in custody don't get credit. So you're saying custody is the operative word here? Yes, it's the only word. As I stated, I believe, in our last brief, I think a reasonable explanation of this, the change in the statute, is not to eliminate the custody requirement for electronic home detention law. It's to state that people on electronic home detention are in custody. The court doesn't get discretion anymore. If you're truly in a home detention program, that's custody. But this defendant unequivocally was not. It's black and white in my mind. There's no gray there. That's all I really have. I think I hit all my points. We would ask Your Honors to affirm the decision of the trial court.  Thank you, Your Honor. Well, I think we can dispense with one of counsel's arguments fairly rapidly. He says an individual has to be in custody to get credit. I say it's confinement. Don't take my word for it. Let's look at the statute. The electronic home detention law... Excuse me. Which? Now, what are we... What statute? If you're reading from the statute... Yes, I'm reading through it. The electronic home... Yes. The electronic home detention law, 730 ILCS 5-5-8A-2C, defines home detention as confinement of a person convicted or charged with an offense to his or her place of residence under the terms and conditions established by the supervising authority. However, they use the word confinement, not custody. To my way of thinking, if you take that definition and you couple it with the amendment in 2012 of the statute, which takes out the requirement that the trial court determine custody in all situations other than psychiatric treatment or substance abuse treatment, and which also takes out the word may and uses shall, there is no argument that's reasonable left that the trial court may only give time credit when the defendant is in custody. This is where I could really... Your argument, I'd ask some appeal, but it sounds like it's an equal protection argument because you can see that there are elements of the home detention law that aren't here. For example, the ability to arrest and charge somebody with escape or the fact that you'd have to go to court to get a warrant. But is your argument really it's unfair to treat your client differently than a person who's on home detention? I do judge that at some point kind of the equitable argument would come up before the court. Well, the arguments, you've got to make the argument because the statute, first of all, subsection D that appears to exclude persons convicted of aggravated criminal sexual abuse, but your client, to me it sounds like you're really arguing equal protection because even though all of the conditions of home detention aren't here, your client's in the same position as somebody in home detention. Isn't that really your argument? There's a number of questions in there. Let me take, if I could, take one at a time. First of all, what I argued initially pursuant to your question about the maximum length of time people can be in electronic monitoring, I believe my argument is correct. If you look at the statute 5-8A-3, subparagraph D, the length of time, it's a person serving a sentence for a conviction of a Class I felony, then they talk about Class X, et cetera. Those are, that deals with the ability and length of time the DOC can put somebody on electronic monitoring as a part of their sentence after they've been incarcerated. It does not apply to this situation. So I think the argument that there's a maximum length of time that an individual can be on electronic home monitoring charged with a Class I felony is not applicable in this case. Now let's talk about the, as you say, the equal protection argument. And I just heard the argument made about how there's this distinction because the sheriff can run off and arrest somebody. And that's different than here, because the probation department has to go to the court that issues the warrant. And somehow that should be a distinction as to whether a person is confined or not under electronic home monitoring, which I don't agree with. But if that argument were valid, why would the legislature define supervising authority to include the probation supervisory authority? Because under that statement, the probation department can be a supervising authority, and they can't go out and arrest people. So this argument that there's some distinction or equal protection argument really doesn't apply here. Well, that term, the use of or defining probation as a supervising authority could also be a way of giving flexibility to the counties to develop their own home detention programs, correct? Yeah, and flexibility may very well include a trial judge saying you're going to be on electronic home monitoring, the probation department is going to set up rules and regulations, and Mr. Defendant, you're going to be fitted for home detention with a monitor by the probation department. If you want to leave your home other than court-authorized time, you've got to get permission from them, and on and on and on, all of which is part of the record in the case, which is exactly what happened. So my position is this argument that there is a distinction here because the sheriff can run off and arrest somebody without getting a warrant who violates, and in this case they had to go to court. That just doesn't cut it. That's not a distinction. And the other, and as I said, I sort of anticipated this, fairness argument that really a prosecution wants to make. A defendant who's locked up 24-7 in the DuPage County Jail for a couple of hundred days or whatever is getting credit, and now you're asking an individual who's on electronic home monitoring and confined to his home but for certain circumstances he could get an equal credit. That's somehow not fair. Well, I'll tell you what else isn't fair. If you accept that argument to deny this defendant time, how about the situation where the individual is in the DuPage County Jail, and Sheriff DeRuba decides he's overcrowded and releases that person from custody. Now you're going to give that person credit, but because a judge made the determination, supervised by probation, that individual isn't, that's not fair. Or how about if we go to the DOC, where the DOC decides after a person's been sentenced and is in custody that they are going to release him to a halfway house with a monitor to work, and a person gets credit. And then after a period of time, and these are real-life situations that exist today, that person goes home with a GPS device, and he's monitored, and he works, and he gets credit. But the mope that gets a bond and gets home confinement as a condition of his bond monitored by probation, he doesn't. So you could cut this equitable argument any way you want, and you could go as far as to say, Wow, the guy's in Pontiac. Pontiac's a hell of a lot worse than being in a... The reason I raise that point with you is that those are all valid claims. Those are all articulated in your brief. You make a statutory construction argument. That's our argument, but I'm responding to any equitable argument that's been raised both by counsel and maybe of concern to the court because I'm not asking to win this appeal because of an equal protection argument. It's based straight out of the statute, and to support the prosecution position and affirm the judge, you have to determine, in my opinion, that the legislature meant nothing in 2012 when they amended the statute. They intended for the judge still to decide custody, although custody was removed from the statute, and they decided that there doesn't need to be any change, but we're going to amend the statute anyway. But they left the custody requirement in for psychiatric treatment and substance abuse treatment. And then you're going to have to believe counsel when he says that you should rely upon pre-2012 cases that talk exclusively about custody, and you should just follow them. They've articulated no argument why you should follow cases that define custody as the operative term in deciding whether you give credit, but that term has been eliminated. That term has not been eliminated, Mr. Ruckel. It is in the title to the subsection you're relying upon, custody. I'm sorry. It's in the credit for time served. Subsection B? That's the title of subsection B is custody. So it has not been eliminated. And the differences between confinement, bail, custody, which were pointed out in Beecham, Smith talks about those as well. So they're still there. But I think your argument is, you know, it's a good argument because your client is virtually in the same position other than those differences that have been pointed out. Your Honor, with all due respect, I believe that after the 2012 amendment to the statute, that the trial court did not have the right or the discretion to decide custody and then deny bond because there was no custody involved here, that the operative word is confinement. The legislature left it in the body of the statute and talked about the determination of custody in connection with psychiatric and substance abuse. We have to assume they meant something by that change. It wasn't meaningless. And when you look at it in that context, the determination on home confinement is driven by confinement, not custody. Now, why would you have to be in custody to get the credit if you were in a mental health or behavioral health facility? I can anticipate what they meant because it doesn't say facility. It says psychiatric or substance abuse treatment. And I think the range on treatment can be so broad that was it outpatient treatment, was it inpatient treatment, was it five days a week, was it one day a week, was it two hours a day, was it eight hours a day? So after the amendment of the statute, they used the word, and I picked up on that too. They talk about substance abuse or psychiatric treatment, not confinement. And treatment is often as a condition of bail as well, correct? It could be. It can be. I've certainly seen that occur. Well, if it's pretrial, that would only be. The only way you'd get credit is if it was a condition of bail, correct? I don't know that I would agree with that. Well, how else would you get credit for voluntary? Yes. If an individual wasn't required by the court to go into a psychiatric hospital and he spent two years in a psychiatric hospital to determine, say, fitness for trial, that would be mandated. Let's say I've got an individual who has a serious psychiatric problem and he voluntarily goes into a mental hospital for a year. In that situation, I would make an application to the court to get time credit for that confinement in a mental hospital, which was 24-7, and I would think in the discretion of the court I'd have a pretty good shot at it. If my client, however, voluntarily went into an hour-a-week program, something along those lines, I would suggest that that would never constitute custody and he would not get credit for that. And I think that's why there's a distinction left in the statute. Home detention is one thing. Psychiatric and substance abuse is entirely different. Thank you very much, Your Honors. Thank you very much, Counsel. At this time, the court will take the matter under advisement and render a decision in due course.  Thank you, Counsel.